CAMPBELL *against* MESIER & DUSTAN.

Where there is a general reservation in a decree of all questions not disposed of by the Court, but nothing said as to *interest*, it may be allowed on the final decree.

*M.*, as owner of a contiguous tenement, was bound to contribute a moiety of the expense of a new party wall; but refused to unite with the plaintiff in erecting it, or to contribute any thing to the expense; and, afterwards, sold his lot, &c., to *D.*: *Held*, that the plaintiff, being entitled to recover of the defendants a moiety of the expense of the wall, erected by him, was, also, entitled to *interest* on the amount of such moiety, as ascertained by a master, from the time contribution was demanded and refused; and that the plaintiff, having an equitable *lien* on the wall, for the moiety of the expense of its erection, *D.* was properly made a party; but, as by an agreement, admitted between him and *M.*, he was to be indemnified against any claim of the plaintiff, *M.* was decreed to pay the moiety of the expense of the wall, with interest; and the bill was dismissed, as to *D., without costs.*

IN pursuance of the decree in this case, (*Vide* S. C. *January 15th.* Vol. 4. p. 334.) the parties ascertained, that a moiety of the expense of taking down the old wall, and of erecting the new one, to the height of the old wall, was one hundred and ninety-eight dollars. The parties now submitted to the Chancellor the following points :

(1) Whether the plaintiff was entitled to interest on that sum, and from what time ?

(2) Whether the defendant, *Dustan*, ought to pay, or is entitled to costs ?

*G. W. Strong*, for the plaintiff. He cited *Lynch* v. *De Viar*, (3 *Johns. Cases*, 303.) *Craven* v. *Tickell*, (1 *Vesey*, jr. 60.) on the question of interest, and contended, that interest ought to be allowed from the time of the advance of the money for the building of the wall, in 1803, and the demand and refusal of payment. In 1806, the

1822.

CAMPBELL
v.
MESIER.

plaintiff instituted a suit at law to recover payment, and failed. In 1809, he filed the present bill. The question of costs, and all further questions, were reserved in the decree directing a reference to ascertain the expense, and interest might be allowed upon that reservation, the same as if the cause was set down for hearing upon further directions, and though the question of interest was not particularly reserved. To this purpose, he cited *Goodyere* v. *Lake*, (*Amb.* 584.) and *Creuze* v. *Hunter*, (2 *Vesey*, jr. 164.) On the question of costs, against the defendant, *D.*, he contended, that the plaintiff had an equitable *lien* on the wall, for the moiety of the expense of erecting it; and that *D.* purchased with knowledge of that claim, and was necessarily made a party, as he was liable to contribute to the demand. He cited *Madox* v. *Jackson*, (3 *Atk.* 406.) *Garson* v. *Green*, (1 *Johns. Ch. Rep.* 308.)

*W. Slosson*, for the defendants, contended, that by the decree, as made, though the question of costs, " and all other questions," were reserved, the interest was lost. The questions reserved, did not refer to the question of interest, but were relative to the payment of the sum to be reported due. But if the question was open, interest was not allowed in cases such as this, of unliquidated damages. (*Bell* v. *Free*, 1 *Swanston*, 90. *De Haviland* v. *Bowerbanks*, 1 *Camp. N. P.* 50. *Gordon* v. *Swan*, 12 *East*, 419. *Newell* v. *Griswold*, 6 *Johns. Rep.* 45. *Holliday* v. *Marshall*, 7 *Johns. Rep.* 211.) The amount demanded here, was more than what was recovered, and was excessive. As to the question of *costs*, he contended, that there was no necessity for making the defendant, *D.*, a party. The demand was a personal one on *M.*, and not an equitable lien on the wall. The defendant, *D.*, ought to be dismissed, with costs.

THE CHANCELLOR. Though the question of interest

was not specially reserved by the decree, yet, under the general reservation of all questions not disposed of, the Court has the power now to allow interest. The cases from *Ambler*, and 2 *Vesey*, jr., seem to be in point. So, in *Sammes* v. *Rickman*, (2 *Vesey*, jr. 36.) interest was allowed when the cause was brought on for further directions upon the master's report ; for in the decree, directing a reference, further directions were reserved. Between a decree, reserving *all further directions*, and a decree, reserving costs and *all further questions*, I do not see any material difference. In *Ryves* v. *Coleman*, (2 *Atk.* 439.) Lord *Hardwicke* observed, that though there was no particular reservation of interest by a decree, yet that there was a discretionary power in the Court to allow interest upon special circumstances.

The case, then, is open, to deal with this question of interest as equity and the principles of law shall dictate.

The answer of the defendant, *M.*, admitted, that on the 11th of *November*, 1806, a demand of payment of a moiety of the expense of the party wall was made upon him by the plaintiff, which was refused, and he and his father had, from the beginning, denied all right in the plaintiff to take down the wall, or to make him contribute to the expense, and his father had refused to unite in the reparation of it. The father of the original defendant, *M.*, was bound to contribute, as part owner of the party wall, and the defendant, *D.*, would have been equally bound to contribute, for he purchased the interest of *M.* in the party wall, subject to that charge. Such an expense may properly be said to be an equitable charge upon the wall, and the owner, for the time being, exercising his right in the new wall, is equitably bound to contribute rateably to the expense of the necessary reparation. The reason, in this case, why the moiety of the expense was charged upon *M.*, and not upon *D.*, (the owner when the bill was filed, and who purchased with actual notice of the charge or claim,) was the admis-

sion of the defendant, *M.*, in his answer, and of the de-
fendant, *D.*, also, in his answer, that when *D.* purchased
of *M.*, the latter promised to indemnify *D.* against any
claim of the plaintiff for the use of one half of that new
party wall, and that *D.* did, accordingly, use it in the new
house which he erected; and he admitted that he gave
more for the adjoining lot, in consequence of the new party
wall, erected by the plaintiff. Upon such a promise, ad-
mitted by both the defendants, it was perfectly just, as be-
tween the two defendants before the Court, that *D.* should
pay the moiety of the expense, in the first instance, and
the decree was so rendered. If interest is to be allowed,
the party chargeable with the debt is chargeable with the
interest; and this is a case of money expended by the plain-
tiff, for the use of the defendants, and, upon every sound
principle, the plaintiff ought to receive interest, after a
moiety of the joint expense had been demanded, and re-
fused. It is the settled rule in the law of this state, that
money received or advanced for the use of another, car-
ries interest after a default in payment; and it is a very
reasonable and just rule. In the case of *Bell* v. *Free*,
cited from *Swanston*, the question was, whether interest
could be allowed by the master, in the distribution of an
insolvent's estate, and not whether interest might have
been given by a jury, in the form of damages, or by the
Court. If interest would be recoverable at law, even in
the shape of damages, I see no reason why, in a case pro-
perly, and, perhaps, exclusively, cognizable in this Court,
interest should not equally be awarded by this Court. The
refusal of the defendant, *M.*, to contribute, was put, not
upon the point of the amount of the expense demanded,
but upon the denial of the right of the plaintiff to any
contribution.

As to the question of *costs*, the plaintiff had a right to
make the defendant, *D.*, a party, and he could not safely
have omitted him. The bill was not founded upon any

contract between the plaintiff and *M.*, but *upon the equity of contribution* to the necessary reparation of a party wall, *by the owner of the other half of it.* The plaintiff could not have known of the promise or agreement between the two defendants, which changed the direction of the decree; and the most that can be done in this case, is, to dismiss the bill as to the defendant, *D.*, without costs.

I shall, accordingly, order, that interest be paid upon the sum of 198 dollars, agreed on, from the 11th of *November*, 1806, and that the bill as to the defendant *D.* be dismissed without costs.

Order accordingly.