The opinion of the court states the case fully, and was delivered by,
Tilghman, C. J.
This is an action of debt on a bond given by Thomas Durborow, the defendant, to Christian Wiseman, deceased, the testator of the plaintiff, upon an exchange- of land. The defendant conveyed to Wiseman, some real estate in Cumberland county, Pennsylvania, and gave him the bond in dispute; and received from him in exchange, a conveyance of lhnd in Virginia. It was proved that Wiseman had represented the Virginia, land as being of good quality, and that his title was under a patent from the commonwealth of Virginia to himself, signed by Governor Wood. The defendant offered to prove, under his plea of payment with leave, &c. by the oath of Jsaac Durborow, that the witness had gone to Virginia and traced the lines in a patent, produced to the court, which had been delivered to him by his father, the defendant, and was the only patent for lands in Virginia which the witness had ever known to be in his father’s possession; and that the land contained in the said patent was situated on a mountain, and of so bad a quality as not to be worth the. taxes. ■ To this evidence the plaintiff objected, because, unless the deed from Wiseman to the defendant was produced,' it. could not *393 appear that the land examined<by the witness, was the same which Wiseman-had conveyed to the defendant. The defendant was then examined on the voir dire, add testified that the deed which he had received from Wiseman was lost, and though searched for, could not be found, upon which the court admitted the evidence, and fhe plaintiff excepted to their opinion.
This is not exactly the case of evidence to prove the contents of a lost deed. The object of the evidence, was to prove, that the land conveyed by Wiseman was of bad quality. It had been proved that this land was patented to Wiseman, and the patent signed by Governor Wood, and this, added to the proof proposed to be given, that the defendant was not known to have had any other Virginia, patent than the one produced by the witness, made a case in which I think it might be properly left to the jury, whether the land examined by the witness was the same which Wise-man had conveyed to the defendant. And this case was strengthened by the oath of the defendant that the deed was lost. I am therefore of opinion that it was proper to admit the evidence.
The second exception taken by the plaintiff was abandoned.
The third exception was, that the court erred in refusing to answer the third point proposed by the plaintiff’s counsel. This third point was, “that taking all th'e'evidence given by the defendant to be true, the plaintiff was entitled to recover.” The court answered, “ that it was for the jury to decide what had been the extent of the evidence given by the defendant, and whether it sustained his defence according to the rules of law stated by the court in their charge.” I do not perceive any error in this answer. If the evidence did not support the plea, the plaintiff might have demurred to it. But his object was to take the cause from the jury in an unusual manner. How could the-court say what was proved by the defendant’s evidence? How could they ascertain, what inferences the jury might have drawn from that evidence? It was a question which the court was not bound to answer, and which they acted pruflently in refusing to answer. They laid down the- law applicable to the case, and left- it to the jury to decide the cause according to the principles so laid down.
The fourth exception, and the only one of any weight, was, that the court erred in their charge to the jury on the plaintiff’s fourth point; which was, “thatthe time elapsed between the commencement of the suit, and the trial, raised no legal presumption of payment.” The court charged that the mere lapse of time raised no presumption of payment. This’was in affirmance of the plaintiff’s proposition. But they remarked farther, that if it appeared, there was a scheme to delay the trial for a great length of time, in order to gain an advantage by the death of parties or witnesses, they could not say but this might rajse some presumption against the' plaintiff. Taking the charge altogether it amounted to- no more *394 than this; that no legal presumption of payment arose in the case, but if the jury should be of opinion there was a studied delay, for the purpose of gaining an advantage, it would be a circumstance which might properly be taken into consideration. The opinion might have been expressed with a little more precision, hut was by no means so erroneous as to justify a reversal of the judgment. I am of opinion that the judgment should be affirmed.
Judgment affirmed.