TITUS L. BISSELL *against* JONATHAN W. EDWARDS.

MOTION for a new trial.

This was an action on the case. The cause was tried before the Superior Court, in *September*, 1812; and a verdict was found for the plaintiff.

On the trial, the plaintiff offered in evidence, the deposition of one *John Roberts*, jun. of *Pultney*, in the state of *Vermont*. The defendant, for the purpose of shewing the incompetency of the witness, offered to introduce the record of a judgment, rendered in *Vermont*, before *Noah Sabin*, jun. Esq. a justice of the peace for the county of *Windham*, on the 21st day of *November*, 1796; whereby it appeared, that the witness was convicted of the crime of *theft*. The record was authenticated, only, by the certificate of the justice, as justice of the peace, stating, that it was a true copy of the files and records remaining in his office. The only evidence offered to prove, that *Sabin* held the office of justice of the peace, was the certificate of a notary public.

The plaintiff objected to the admission of the record, as evidence, on the following grounds, *viz.*

1. That the certificate of a notary was incompetent to prove that *Sabin* was a justice of the peace.

2. That the record was not authenticated in the manner prescribed by the constitution and laws of the *United States;* and

3. That it did not appear, that, by the laws of *Vermont*, a justice of the peace, had jurisdiction of the offence stated in the record.

The court adjudged the record to be inadmissible; and permitted the deposition of *Roberts* to be read to the jury, as evidence in the cause: Whereupon, the defendant moved for a new trial, on the ground, that the court erred in rejecting the record of the justice, as evidence; which motion was reserved for the opinion of the nine Judges.

The copy of the record of a judgment, rendered before a justice of the peace, in *Vermont*, authenticated only by the certificate of the justice, as justice of the peace, stating, that it is a true copy of the files and records remaining in his office, is not admissible, as evidence, in the courts of this state.

The records of courts of justices of the peace, in all cases, where such courts are courts of record, are within the meaning of the act of congress, entitled "An act to prescribe the mode in which the public acts, records, and judicial proceedings, in each state, shall be authenticated," &c.

Construction of the statute, in relation to the manner of authenticating the records of justices of the peace.

Nov. 1812.

BISSELL
v.
EDWARDS.

*Daggett* and *Dwight*, in support of the motion.

1. The record of the justice was properly authenticated. The clause in the constitution of the *United States*, and the provisions of the act of congress, do not extend to the records of a justice of the peace. (*a*) The phraseology of the act is, " by the attestation of the clerk," &c. A justice of the peace, is both chief judge and clerk. It would be absurd for him to certify, as clerk, and then to certify, that he is clerk. No additional credit is furnished by thus having two certificates from the same person, although acting in two different characters. The words " chief justice, or presiding magistrate," are applicable to such courts only, where there are more judges than one. Courts thus constituted, always have a clerk.

Besides, congress have not declared, that the mode pointed out by the statute, shall be the only mode, in which a record may be authenticated. They only say, that this shall furnish sufficient evidence of the facts contained in the record. Another mode has frequently been sanctioned.

2. The certificate of the notary public, was sufficient evidence of the fact, that *Sabin* was a justice of the peace. This is better evidence than the certificate of the secretary of state. The latter can shew nothing more than the appointment of the justice ; the former is, not only evidence of his appointment, but proves, that he is qualified to act in his official character.

3. The objection, that the justice had not jurisdiction of the cause of complaint exhibited against the witness, can avail nothing. If there was a want of jurisdiction, the plaintiff was bound to shew it. It appears most clearly, that the court exercised jurisdiction ; and this court will now presume, that all the proceedings were in conformity to the laws of *Vermont*.

*N. Terry* and *Trumbull*, contra.

1. The record of the justice, was not authenticated according to the laws of the *United States*. The constitution

(*a*) *Const. U. S.* art. 4. sec. 1.   1 *Laws of U. S.* 115.

of the *United States*, and the act of congress, extend to this cause. The court held by the justice, was a court of record. He was the " judge" of the court, and had power to inflict punishment, by fine. This constitutes a court of record. It does not appear, but that a justice of the peace, in *Vermont*, may have a clerk. If so, the record should have been, by him attested. But if otherwise, the justice may act, both in the capacity of judge and clerk. The law requires a certificate from the judge of a court, different from that of a clerk. Both these certificates are peremptorily required by the statute.

The term " judge," is, by the statute, extended to a justice of the peace. Where there is but one judge, he is, of course, the presiding magistrate. This construction is reasonable and necessary. If the statute extends only to courts, where there are more judges than one, then no provision is made for authenticating the records of our courts of probate ; and in some states, the records of a court of chancery, would be left without any mode of authentication.

The justice, after the attestation of the record, ought to have certified, that he himself, was the presiding magistrate, and if there was neither clerk nor seal, he should so certify ; and he should also certify, that the attestation was in due form.

2. The certificate of a notary public, is not the best evidence of the appointment of a judge. A notary may certify his own acts, but nothing more. The best evidence of the appointment of a judge, or justice of the peace, is the record of the appointment itself.

3. It was not proved, in any manner, that the justice had jurisdiction of the cause, about which the record is conversant. This ought to be made to appear ; because, without jurisdiction, the judgment could not disqualify the witness.

SWIFT, J. The question in this case, is, whether the copy of a record, from a justice of the peace, in the state of *Vermont*, certified by him, as justice of the peace, is admissible evidence, in a court in this state ? The records of courts, from a neighbouring state, must be proved according to the

rules of the common law, or the act of congress : But this is conformable to neither; and is merely in the form required to make it evidence in that state. The act of congress requires, that the records, and judicial proceedings of courts of any state, shall be proved, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or other presiding magistrate, as the case may be, that the attestation is in due form. Where courts of justices of the peace, are courts of record, they come within the act of congress ; but this record is not certified according to the requirements of that act. It does not appear, but that there was a clerk of this court, and a seal. Of course, the court cannot know, that the record is duly certified ; and the Superior Court properly rejected it, as evidence.

If the act of congress had been complied with, this record would have been admissible. In those states where justices of the peace hold courts of record ; where they are the sole judges, and have no other persons to be their clerks ; they are the presiding magistrates, and clerks of their own courts, and may certify their records, in a manner conformable to the act of congress.

After attestation of the record, a justice of the peace may certify, that he is the presiding magistrate, and clerk of the court ; that there is no seal, and that the attestation is in usual form ; and then subscribe it, as justice of the peace. This would be a literal compliance with the act, and the copy of the record, so certified, would be admissible evidence.

I am of opinion, therefore, that a new trial ought not to be granted.

MITCHELL, Ch. J., REEVE, TRUMBULL, SMITH and BRAINARD, Js., severally concurred.

BALDWIN, J. I concur in the opinion, that a new trial ought not to be advised, because the record of the justice was not duly certified ; but I do not agree, that it ought to have been certified, according to the provisions of the act of congress.

The constitution of the *United States*, does, indeed, require, that full faith and credit shall be given, in each state, to the public acts, records, and judicial proceedings of every other state ; and provides, that congress *may*, by law, prescribe the manner in which they shall be proved, and the effect thereof. Until congress shall prescribe the mode of proof, they are to be proved to the satisfaction of the court ; and perhaps, according to the mode required by the common law, for proving foreign judgments ; and when so proved, full faith is to be given to them.

It then becomes a question, whether congress have prescribed a mode by which the records of justices shall be proved ? The act of congress provides, that the records, and judicial proceedings of the courts of any state, shall be proved, by the attestation of the clerk, and the seal of the court, if there is one, and a certificate of the judge, chief justice, or presiding magistrate, that the attestation is in due form. It is obvious to me, that these provisions do not embrace, and were never meant to extend to, the records of a justice of the peace. The whole provision, evidently, refers to a court, having a clerk, probably, a seal, and a presiding magistrate. A justice of the peace may, indeed, for some purposes, be considered as performing the office of clerk, as well as judge ; because he makes records, and gives copies. This is rather an incident to the office of justice, than a separate character.

But I cannot conceive, that congress meant to prescribe, that a justice should, as clerk, certify his record, and then, as presiding magistrate, gravely certify, that the certificate he made, as clerk, is in due form. I am rather of opinion, that congress did not mean to include the records, or judicial proceedings of justices of the peace, who, in most of the states, are not considered as courts of record.

The defendant was not, therefore, bound to prove the record, according to the act of congress ; but he was bound to prove it, in a way, which the common law would sanction and approve. This he has failed to do.

EDMOND and INGERSOLL, Js., concurred in this opinion.

New trial not to be granted.