#### IN THE

# SUPERIOR COURT OF JUDICATURE.

##### FOR THE

## COUNTY OF GRAFTON, NOVEMBER TERM,

### A. D. 1828.

## CHARLES ROBINSON *versus* JOSIAH B. PRESCOTT.

The record of a judgment of a justice of the peace, rendered in another state, cannot be authenticated in the manner prescribed by the statute of the United States, so as to entitle it to the same credit here as it has in the state where rendered; and such a judgment is considered, in the courts of this state, as standing on the same ground as a foreign judgment, and as leaving the whole merits of the cause open to discussion and examination.

DEBT upon a judgment rendered in favour of the plaintiff, against the defendant, and one Joseph Prescott, by Stephen Freeman, a justice of the peace, in Vermont. The writ, in this case, was served only upon the said J. B. Prescott, who appeared and pleaded " *nil debet*," upon which issue was joined.

The cause was tried here at November term, 1827, when it appeared in evidence, that at the time of the commencement of the action, in which said judgment was rendered by the said justice, the said Josiah B. and the said Joseph, were inhabitants of, and resident within the state of Vermont, and had due notice of said action ;

and that the said Josiah B. Prescott, appeared by his attorney, and answered thereto before said justice.

The defendant then offered to prove, that after the commencement of the said action, before the said justice, and previously to the rendition of said judgment, the demand, on which that action was founded, was paid and satisfied by the said Joseph Prescott, and, that at the time said judgment was rendered by the said justice, nothing remained due from the defendants to the plaintiff.

This evidence was rejected by the court, and a verdict taken for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Goodall* and *J. Smith*, for the defendant, contended, that the judgment having been obtained within a jurisdiction, distinct from, and independent of, the jurisdiction of this court, was a foreign judgment, and only *prima facie* evidence of a debt, unless it comes within the provisions of the constitution, and of the statute of the United States, with respect to judgments rendered in the several states ; that the records of magistrates who are vested with limited judicial authority, are not within those provisions, but stand on the ground of foreign judgments, being no more than *prima facie* evidence of a debt. 1 N. H. Rep. 242, *Thurber* v. *Blackburne* ; 2 Pick. 448, *Warren* v. *Flagg* ; 1 Chipman, 59.

*Bell*, for the plaintiff, argued, that even if it be admitted that this judgment stands on the ground of a foreign judgment, yet, as the court in Vermont had jurisdiction, both as to the cause and the parties, the judgment is an estoppel to the defendant, as to any defence which he might have used before the court there, but neglected to use.

The opinion of the court was delivered by

RICHARDSON, C. J. The question to be decided in this case is, whether the judgment rendered by the justice of the peace in Vermont, is to be considered here as conclusive evidence of a debt, due from the defendant to the plaintiff at the time it was rendered ?

The constitution of the United States declares, that "full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof."

And the statute of the 1 Cong. 2 session, cap. XI, enacts, "that the records and judicial proceedings of the courts of any state, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate as the case may be, that the said attestation is in due form. And the said records and judicial proceedings, authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States, as they have by law or usage, in the courts of the state from whence the said records are, or shall be taken."

Upon both these provisions, there has been much diversity of opinion among the most able and enlightened judges which this country has produced.

Some have supposed, that this clause in the constitution declares the effect of the records and judicial proceedings of the several states, when received as evidence in the courts of another state. This seems to have been the opinion of Livingston, J. in *Hitchcock* v. *Aiken*, 1 Caine's Rep. 466 ; and of Parsons, C. J. in *Bissell* v. *Briggs*, 9 Mass. Rep. 462.

Others have been of opinion, that it was not intended, in this clause of the constitution, to declare the legal effect of the records and judicial proceedings of the courts of one state, when used in the courts of another, but to leave the effect to be settled by congress. Of this opinion were Radcliff, Kent, and Thompson, Justices, and Lewis, C. J. in *Hitchcock* v. *Aiken*, 1 Caine's Rep. 473, 478, 481, and 483 ; and of Bell, J. in *Thurbur* v. *Blackbourne*, 1 N. H. Rep. 242.

Robinson
v.
Prescott.

Some have been of opinion, that the act of congress does not declare the legal effect of the record, but leaves that to be decided by the court where it is offered in evidence. This seems to have been the opinion of all the judges who decided the case of *Bartlett* v. *Knight*, 1 Mass. Rep. 401, and of Sewall, J. in *Bissell* v. *Briggs*, 9 Mass. Reports, 470.

Others have thought, that the act of congress does declare the effect of such record. 7 Cranch, 481, *Mills* v. *Duryee*; 19 Johns. 162, *Andrews* v. *Montgomery*; 1 N. H. Rep. 242, *Thurber* v. *Blackbourne*; 2 Pick. 448, *Warren* v. *Flagg.*

Some individuals seem to have been of opinion, that the constitution and the act of congress have placed the judgments of the courts of each state, when duly authenticated, on the same ground as domestic judgments are placed in all the other states. 7 Cranch, 481, *Mills* v. *Duryee*; 3 Wheaton, 234, *Hampton* v. *M'Connel.*

While others have thought, that the judgments of the courts of any state still remain liable to be impeached collaterally, for want of jurisdiction in the courts of any other state. 1 N. H. Rep. 242; 9 Mass. Rep. 462: 19 Johns. 162.

Indeed, so various have been the opinions expressed, and the different opinions have been stated with so much clearness and ability, that, notwithstanding the various decisions which have been founded upon these provisions in the state courts, and in the supreme court of the United States, whose peculiar province it seems to be to fix the true construction, it is very questionable, whether there is not now quite as much doubt and uncertainty upon the subject, as there was before it had ever been discussed in a court of justice.

But whatever doubts there may be, as to the effect which a judgment rendered in the courts of one state is entitled to have under these provisions, when duly authenticated and offered in evidence in the courts of anoth-

er state, it is believed that there is no doubt, that until duly authenticated in the manner prescribed by the statute of the United States, it is not entitled to have the effect contemplated in those provisions. And this view of the subject opens to us a ground, on which we can very easily and satisfactorily dispose of the question we have now under consideration.

We suppose it to be clear, that until the record is duly authenticated in the manner congress has prescribed, the judgment can stand on no better ground than any other foreign judgment. But such is the nature of the mode prescribed in the statute of the United States for the authenticating of records, that, in our opinion, the record of a justice of the peace cannot be so authenticated, and that therefore the judgment of a justice of the peace is not within those provisions. And we are so fortunate as to have the opinion of the supreme court of Massachusetts on this point in accordance with our own. 2 Pickering, 448.

We are, therefore, of opinion, that the record produced in this case was not conclusive evidence of a debt.

But it is said, that this judgment is an estoppel to the defendant to set up a payment made before the judgment as a defence at this time, because the defendant did not avail himself of that defence before the court in Vermont. We are, however, not aware that there is any such estoppel. The judgment of the justice in Vermont is a foreign judgment, and, as such, leaves the whole merits of the cause open to examination. No authority has been cited to sustain this doctrine, and we see no sound reason to support it. We are, on the whole, of opinion, that the verdict must be set aside, and

*A new trial granted.*