UTICA,
August, 1829.

Thomas
v.
Robinson.

---

## THOMAS *vs.* ROBINSON.

THIS was an action of *debt* tried at the Chenango circuit in July, 1827, before the Hon. SAMUEL NELSON, one of the circuit judges.

The declaration contained a count in debt on a judgment rendered by a justice of the peace of the county of Susquehannah, in the state of *Pensylvania*, on the 16th March, 1820, for the sum of $70,09½, and also the common money counts. The defendant pleaded *nil debet*.

A suit cannot be maintained here on a judgment obtained in a *justice's court* in a sister state, unless the statute organizing such court be shewn; if, on the statute being proved, it appears that the subject matter of the suit was within the jurisdiction of the court, and that the proceedings were had in conformity to the statute, the judgment will be entitled to full faith and credit.

On the trial of the cause the plaintiff offered in evidence a transcript from the docket of the justice, authenticated by a certificate of the prothonotary of the court of common pleas of the county of Susquehannah, in the state of Pennsylvania, under the seal of the court, which being objected to by the defendant, was rejected by the judge. The justice before whom the judgment was rendered then testified that he was an acting justice of the peace at the time of the rendition of the judgment, and proved the rendering of the same, and that the judgment remained unsatisfied on his docket. The plaintiff then offered to prove by the justice that he had jurisdiction of the cause, under a statute law of the state of Pennsylvania; which evidence was objected to, but received, subject to the opinion of this court on a case agreed to be made. The defendant insisted that the proof was not sufficient to entitle the plaintiff to recover.

*Throop & Smith*, for plaintiff.

*Vander Lyn & Thorp*, for defendant.

*By the Court*, SUTHERLAND, J. This being an action of debt *upon a justice's judgment* rendered in the state of Pennsylvania, it was incumbent upon the plaintiff to shew that the magistrate had jurisdiction of the subject matter of the suit as well as of the person of the defendant. Courts of justices of the peace are not courts of record. They do not proceed according to the course of the common law. (1 Johns. Cas. 20. 3 Johns. R. 429.) They are confined strictly to the authority given them by statute, and can take nothing by implication, but must show their authority in every instance, and must comply with the forms prescribed by the statute creating them. (1 Johns. Cas. 228. 1 Caines' R. 191, 594, n. a. 3 Caines' R. 152.) A court of general jurisdiction is presumed to have acted in each particular case by competent authority, and its records are evidence not only of its acts but of its jurisdiction. (*Wheeler* v. *Raymond*, 8 Cowen, 311.) But the rule is different *in relation to inferior courts;* their jurisdiction must always be shewn. (*Mills* v. *Martin*, 19 Johns. R. 33, *and cases there cited.* Borden v.

*Fitch*, 15 id. 140.  19 id. 39.  *Andrews* v. *Montgomery*, 19 id. 162.)  It appeared affirmatively in this case that justices' courts in the state of Pennsylvania were created and organized by statute.  The superior courts of that state would take judicial notice of the authority and jurisdiction conferred by statute upon these courts; but the courts of another state have no jud'cial knowledge of the statute law of Pennsylvania.  It was essential therefore, in order to shew what faith and credit would be given to the judgment of these courts in Pennsylvania, to produce and prove the authority under which they were organized and proceeded; this could only be done by producing and proving the statute by which they were created.  If that shewed that the subject matter of the suit was within the jurisdiction of a justice's court, and the proceedings appeared from the record to have been in conformity with the directions of the statute, then it would be entitled here to full faith and credit.  (*Mills* v. *Duryee,* 7 Cranch, 481.  *Andrews* v. *Montgomery*, 19 Johns. R. 162.  *Shumway* v. *Stillman*, 4 Cowen, 292.)  The plaintiff's evidence was therefore defective in this respect, and it is unnecessary to notice the other points in the case.