## MAHURIN *versus* BICKFORD.

The judgments of justices of the peace, in other states, will be admitted in evidence in actions founded upon them in this state, if authenticated in the same manner as foreign judgments are required to be authenticated.

A copy of a judgment of a justice of the peace in another state, certified by the clerk of the county court as a true copy, is not sufficiently authenticated for that purpose.

Interest is allowed upon such judgment, where a recovery is had upon it in this state.

DEBT upon a judgment rendered by a justice of the peace, in the State of Vermont. Plea, *nil debet*.

On the trial at the Common Pleas, May term, 1834, the plaintiff produced, what purported to be, a copy of the judgment described in the declaration, certified as a true copy by the clerk of the county court. The defendant objected to the admission of this evidence without farther proof to authenticate the paper, but the court overruled the objection.

The defendant farther objected, that no interest could be recovered upon the sum for which said judgment purported to be rendered, until a demand of payment was shown to have been made, but the court directed the jury that the plaintiff was entitled to recover interest from the rendition of the judgment.

A verdict having been returned for the plaintiff, the defendant moved for a new trial upon the exceptions aforesaid.

*Wells*, for the defendant, cited, upon the first point, 5 East, 473, *Collins* v. *Mathew*; and upon the second, 1 Stark. Rep. 219, *Atkinson* v. *Braybrook*.

*Young*, for the plaintiff.

*By the Court.* PARKER, J. It has been held in this court, 4 N. H. Rep. 450, *Robinson* v. *Prescott*, that a judgment of a justice of the peace, rendered in another state, is not within the statute of the United States prescribing the mode of proving and authenticating judgments rendered in the courts of other states, and that such judgment is not entitled to have here the same credit and effect which it may have within the jurisdiction where rendered, but stands upon the same ground as a foreign judgment.

A similar decision is found, 2 Pick. 448, *Warren* v. *Flagg*.

In neither of these cases is the proper manner of authenticating such judgments designated.

In *Thomas* v. *Robinson*, 3 Wend. 267, it is held necessary that it should be shown, in a suit upon the judgment of a justice of the peace rendered in another state, that the justice was acting within his jurisdiction, by producing and proving the statute from which his authority was derived. Mr. Justice Sutherland, in delivering the opinion, says—" If that showed that the subject matter of the suit was within the jurisdiction of a justice's court, and the proceedings appeared from the record to have been in conformity with the directions of the statute there, it would be entitled here to full faith and credit."

From the authorities cited, it is to be inferred that, by the terms " full faith and credit," as used in the opinion, it is to be understood that such judgment would be entitled to the same faith and credit which is given to judgments of courts of general jurisdiction, and that, when the justice had jurisdiction of the cause and the parties, the judgment would be regarded as conclusive evidence. If this be so, that case will add another to the many conflicting opinions which have arisen out of the act of Congress and the constitutional provision upon which it is founded.

It appears, by the report of the case in Wendell, that, on the trial, the plaintiff first offered in evidence a transcript from the docket of the justice, authenticated by a certificate of the prothonotary of the court of Common Pleas of the county where the judgment was rendered, under the seal of the court, which was objected to, and rejected. " The justice before whom the judgment was rendered then testified that he was an acting justice of the peace, at the time of the rendition of the judgment, and proved the rendering of the same, and that the judgment remained unsatisfied on his docket," and to this no objection appears to have been taken.

If the judgments of justices of the peace are not within the provision of the constitution of the United States, they must, it seems, be regarded as foreign judgments.

17 Mass. Rep. 543, *Commonwealth* v. *Green* ; 6 Pick. 238, *Hull* v. *Williams* ; 5 Wend. 154, *Starbuck* v. *Murray.* And, if so regarded, there can be no doubt that they should be authenticated in the same manner as other foreign judgments. If when duly authenticated, they were to be regarded as within the provision of the constitution, and such construction given to that provision as to make them conclusive evidence of a debt, still, the statute prescribing the manner of proving the records and judicial proceedings of the courts of other states, not having provided for records of this description, the ordinary rules for authenticating the judgments of foreign tribunals would seem to be the only rules applicable.

In *Church* v. *Hubbart,* 2 Cranch, 238, Chief Justice Marshall says—" Foreign judgments are authenticated 1, By an exemplification under the great seal. 2, By a copy proved to be a true copy. 3, By the certificate of an officer authorized by law, which certificate must itself be properly authenticated. These are the usual, and appear to be the most proper, if not the only modes of verifying foreign judgments."

The same modes seem to be recognized, 2 Caines, 163, *Vandervoort* v. *Smith.*

In 1 Stark. Ev. 252, it is said that a foreign judgment should be authenticated by an exemplification, or copy, under the seal of the court.

But Chief Justice Parker, in *Commonwealth* v. *Green,* speaking of the records of a foreign country, says, " such records cannot properly be exemplified, but must be proved by testimony, as other facts are proved." And Lord Ellenborough, 5 East, 475, *Collins* v. *Mathew,* speaks of an Irish judgment as being only proveable by an examined copy on oath.

It has been said in the argument, that the copy in this case was certified by the clerk of the court, in whose office the original records of the magistrate were deposited, he being *no longer in office.* The case does not state

this, and if it had done so, that alone would not be sufficient. Had it been made to appear that under the laws of Vermont the records of this magistrate have been deposited in the office of the county clerk, and that he is the proper officer to give copies, perhaps a copy, having his attestation duly authenticated, might have been held sufficient. 2 Caines, 163.

The copy of the judgment, in this case, not having been sufficiently authenticated, there must be a new trial.

Another question has been raised upon the instructions to the jury relative to the allowance of interest, but we see no reason to doubt the propriety of the direction upon this point.

In *Atkinson* v. *Braybrook*, 1 Stark. Rep. 219 ; 4 Camp. 380, which was debt upon a judgment recovered in Jamaica, Lord Ellenborough held that the plaintiff was not entitled to interest. The justice of this ruling is not apparent, and the English decisions upon the subject of interest are too little in harmony for all of them to be regarded as authority. 1 Conn. Rep. 35 ; 1 Camp. 53, note.

The principles upon which the allowance of interest depends, have been discussed very much at large in *Reid* v. *Rensselaer Glass Factory*, 3 Cowen, 393 ; 5 ditto, 587, but it will not be necessary to go into an extended examination of the cases reported in order to settle this case.

Interest is allowed upon an account, after it has been liquidated. 15 Johns, 409, 424, *Walden* v. *Sherburne ;* 1 Conn. Rep. 33, *Selleck* v. *French ;* 3 Wils. 205.

" Interest is due upon all liquidated sums, from the instant the principal becomes due and payable." 2 W. Black. 761, *Blaney* v. *Hendricks.*

So interest is allowed upon money payable at a given time, as upon promissory notes and bills of exchange payable at a day certain, after the day of payment has arrived. 2 Burr. 1086 ; 5 Cowen, 611 ; 1 Conn. Rep. 33 ; 2 W. Black. 761.

So, upon money received or advanced for another, after a default of payment, 6 Johns. Ch. Rep. 24, *Campbell* v. *Musier.* So upon a debt due for wages after a default to pay, on demand made or, if no special demand is proved, after the commencement of the suit. 2 Gallison, 45, *Gammell* v. *Skinner.* So interest is allowed upon verdicts up to the time of the rendition of judgment, where delay has occurred, 4 Green. 297, *Winthrop* v. *Curtis.*— And upon judgments themselves, where an action of debt is brought upon them. 6 Johns. Rep. 285 ; 2 Ves. Jr. 167.

Such is the constant practice in this State.

If it shall appear that this judgment was duly rendered by a justice having jurisdiction, and nothing can be urged to impeach it upon the merits, it will be evidence of a liquidation of a demand, in favor of the plaintiff, against the defendant, of quite as high a character as a simple accounting between themselves ; and the time of payment arrived upon the rendition of the judgment, for it then became the duty of the defendant to pay it forthwith. His default, therefore, dates from that period ; and within the principle of all the authorities cited, the plaintiff is entitled to interest.

*Verdict set aside and a new trial granted.*