## Mahurin *vs.* Bickford.

An action of debt, founded upon the judgment of a justice of the peace in another state, is not within the statute of limitations.

Debt upon a judgment rendered by a justice of the peace, in the county of Essex, in Vermont, on the 16th of January, 1819.

The defendant pleaded in bar, that the supposed cause of action did not accrue at any time within six years, to which the plaintiff demurred.

*Young,* for the plaintiff.

*Wells,* for the defendant.

Parker, J. Upon the question whether foreign judgments are within the statute of limitations, different opinions seem to have been entertained.

In *Duplex* vs. *DeRoven, 2 Vern.* 540, according to the report, the plaintiff had recovered a judgment or sentence in France, against the defendants intestate, " and afterwards, ' the intestate failing, compounded for a lesser sum, for which, ' in 1676, he gave a note as for so much due upon an account ' stated." The plaintiff having brought a bill for discovery

of assets, and satisfaction of his debt, the defendant pleaded the statute of limitations, and the Lord Keeper said, " Al- 'though the plaintiff obtained a judgment or sentence in ' *France,* yet here the debt must be considered as a debt by ' simple contract. The plaintiff can maintain no action here ' but an *indebitatus assumpsit,* or an *insimul computasset,* ' &c., so that the statute is pleadable in this case."

In the supreme court of New-York the judgments of courts in other states were formerly regarded as foreign judg- ments, (1 *Caines' Rep.* 460,) and in *Hubbell* vs. *Coudrey,* 5 *Johns. Rep.* 132, that court decided that an action of debt upon a judgment of a court in Connecticut must be viewed as debt upon a simple contract, and that the statute of limi- tations was a good bar.

A similar decision was made in *Bissell* vs. *Hall,* 11 *Johns. Rep.* 168.

But in the supreme court of Pennsylvania, Mr. Justice Duncan, who gave the opinion of the court, it is said, after reviewing the authorities, came to the conclusion that actions of debt on foreign judgments were not within the limitation. *Angell on Lim.* 170, *cites Richards* vs. *Polgreen,* 13 *Serg. & Rawle,* 393.

In *Pease* vs. *Howard,* 14 *Johns.* 479, it was held, that a judgment of a justice's court within that state was not within the statute, for two reasons : 1. Because as such judgment is conclusive evidence of the debt, it is a debt by specialty ; and 2, " Because the action is not founded upon a contract, ' in fact, within the meaning of the statute ; and actions of ' that description only are within its words, and not actions of ' debt, without specialty, generally."

Perhaps a similar doctrine would now be held in that state in relation to the judgments of justices of the peace in other states, as a recent decision seems to consider them conclusive evidence of debt, where the justice appears to have had jurisdiction. 3 *Wend. Rep.* 267, *Thomas* vs. *Robinson.*

It has been settled in this state, that the judgment of a

justice of the peace, rendered in another state, is not conclusive evidence of a debt, but must be considered as standing upon the same ground as a foreign judgment, leaving the merits of the case open to discussion and examination. 4 *N. H. Rep.* 450, *Robinson* vs. *Prescott.*

It by no means follows, however, in our view, that the statute of limitations may be pleaded to such judgments. Whether it may or may not does not depend upon the conclusive character of the evidence by which the action is attempted to be supported. The statute cannot be pleaded to debt upon an indenture reserving rent, or an action of debt founded upon a bond. But in such case, the matter upon which the action is founded is not conclusive evidence of a debt.

A judgment of a justice of the peace in another state is perhaps not technically a specialty; but there is quite as much reason why it should be excepted from the operation of the statute as a bond; and Mr. Justice Van Ness, (14 *Johns.* 480,) says; "the settled construction of the statute is, that it applies solely to actions of debt founded upon contracts in fact, as distinguished from those arising by construction of law."

The terms of the statute are, that "all actions of debt grounded upon any lending or contract not under seal," shall be commenced, &c. This action is grounded upon neither, but upon an adjudication of a competent magistrate entered by him in his records. It can be sustained here only upon the production of a copy of such record; and although an enquiry may be instituted into the merits of that judgment, and evidence produced by the defendant to impeach it, until such evidence is introduced, the record itself, properly authenticated, with evidence that the magistrate had jurisdiction, is a perfect foundation for the action, without any proof in support of the original demand, or any regard to the nature of it. The action then cannot be said to be grounded upon a lending, or contract not under seal, and comes neither within the terms or the spirit of the statute.

*Judgment for the plaintiff.*