## MOSES S. TRADER and TEGAL TRADER, appellants *v.* MOSES MCKEE, appellee.

### *Appeal from Cook.*

The law is well settled, that in order to justify courts not of record in taking cognizance of a cause, their jurisdiction must affirmatively appear.

In order to entitle a transcript of a judgment of a justice of the peace of another State, to be received in evidence in this State, it must be shown that by the laws of the State where the judgment was rendered, the justice had jurisdiction over the subject matter upon which he attempted to adjudicate.

A transcript of a judgment of a justice of the peace of Wayne county, in Indiana, purported to be certified by his successor in office, and the clerk of the Circuit Court of Wayne county certified as to the capacity of said successor in office, and the judge of the sixth Judicial Circuit in Indiana certified as to the capacity of the said clerk: *Held* that in the absence of proof that the statute of Indi-

ana authorized the clerk to give such certificate, he could not give a certificate in such a case, that would be evidence in a court of justice.

On the trial of this cause in the Cook Circuit Court, at the March term, 1838, before the Hon. John Pearson, the plaintiff below, McKee, offered in evidence papers purporting to be copies from a justice's docket, of the county of Wayne, in the State of Indiana, of three judgments in favor of McKee, assignee of Josiah and David Reynolds, against said Traders. The judgments were not certified by the justice before whom they were rendered; but one Thos. S. Doughty, as justice of the peace of the county of Wayne, and State of Indiana, certified that the said transcripts were true copies from the docket of William Dunham, Esq., which docket had legally come into his possession, as the successor of said Dunham in office. The clerk of the Wayne county Circuit Court certified as to the capacity of Doughty, and the judge of the sixth Judicial Circuit in Indiana, certified as to the capacity of the said clerk. But there was nothing to show that Dunham was a justice of the peace at the time of the rendition of said judgments, or that he had jurisdiction of the person, or subject matter of the suit. The defendants objected to the admission of the said justice's judgments in evidence; the Court overruled the objection, and admitted the same to be read in evidence; to which decision the said Traders' counsel excepted. Judgment was rendered for the appellee, and the cause was removed into this Court by appeal.

J. Butterfield and J. H. Collins, for the appellants, cited 1 Story's Laws U. S. 93, 947; 4 Cowen 527; 5 Wend. 268; 1 Johns. Cases 228; 1 Caines 191, note a; 3 Caines 152; 8 Cowen 311; 19 Johns. 33, 162; 15 Johns. 140.

G. A. O. Beaumont and G. Spring, cited 1 Stark. Ev. 232.

Lockwood, Justice, delivered the opinion of the Court:

This was originally an action commenced before a justice of the peace, and was brought by appeal into the Circuit Court of Cook county. It appears from the bill of exceptions taken in the cause, that the action was founded on several judgments obtained before a justice of the peace in the State of Indiana, by McKee, against Moses S. and Tegal Trader. The defendants below objected to the transcripts of the judgments rendered by the justice of the peace, as evidence in the cause; which objection the Court overruled, and received the transcripts in evidence, and gave judgment for the plaintiff below. Among other errors relied on, is the following, to wit, That it does not appear from the evidence offered, that the justice before whom the judgments purport to have been rendered, had any jurisdiction over the persons of the defendants, or over the subject matter of said actions. The

Trader *et al. v.* McKee.

law is well settled, that in courts not of record, in order to justify their taking cognizance of a cause, their jurisdiction must affirmatively appear. In order to have received these transcripts in evidence, it was incumbent on the plaintiff to have shown, that by the laws of Indiana, the justice of the peace had jurisdiction over the subject matter upon which he attempted to adjudicate. The laws of Indiana, giving jurisdiction to justices of the peace, not having been produced on the trial below, the reception of the transcripts in evidence, was illegal. The correctness of the mode of certifying these transcripts by the clerk of the Circuit Court, was also questioned on the argument. No statute of Indiana was shown, authorizing the clerk of the Circuit Court to give certificates in relation to proceedings before justices; and in the absence of such statutory authority, the clerk of the Circuit Court could not give a certificate that would be evidence in a court of justice.

The judgment below is reversed with costs.

*Judgment reversed.*

*Note.* From the numerous conflicting decisions of the courts of the several States, it is extremely difficult to determine the mode of authenticating judgments of justices of the peace, or proving them in evidence, where actions are brought upon them in a different State from that in which they were rendered. The force and effect of these judgments, when proved, has also been a subject of much contradictory adjudication. In New Hampshire, it is held that they cannot be authenticated under the act of Congress, and they are therefore regarded as foreign judgments, leaving the whole matter open to re-investigation. Robinson *v.* Prescott, 4 N. H. Rep. 450; Mahurin *v.* Bickford, 6 N. H. Rep. 567. The same doctrine prevails in Massachusetts, New York, and Ohio. Warren *v.* Flagg, 2 Pick. 448; Silver Lake Bank *v.* Harding, 5 Hammond 545-6; 1 Wright 127, 430; Thomas *v.* Robinson, 3 Wend. 263, 269; Sheldon *v.* Hopkins, 7 Wend. 435.

In Connecticut and Vermont, a different rule seems to prevail. Bissell *v.* Edwards, 5 Day 363; Starkweather *v.* Loomis, 2 Vermt. R. 573-4. In Indiana, the question seems not to have been fully settled. Cole *v.* Driskell, note, 1 Blackf. 16; Collins *v.* Modisett, 1 Blackf. 60; Cone *v.* Colton, 2 Blackf. 84, and note; Holt *v.* Alloway, 2 Blackf. 111, and note.

Foreign judgments are proved, 1. By an exemplification under the Great Seal. 2. By a copy proved to be a true copy. 3. By the certificate of an officer authorized by law, which certificate must itself be properly authenticated. 2 Cranch. 187, 238; 6 N. H. Rep. 567, 570; 2 Caines 155 *et seq.* Other modes of authentication, inferior in their character, will be allowed, if these be beyond the reach of a party. 2 Munf. 53; 3 Call 446; 3 Wash. C. C. R. 201-3.

In New Hampshire, where a copy of a justice's judgment rendered in Vermont, was sought to be introduced in evidence, certified by the county clerk, it was held that it could not be admitted; but if it had been shown that by the laws of Vermont, the records of the justice had been deposited in the office of the county clerk, and that he was the proper officer to certify the same, perhaps it would have been sufficient. 6 N. H. 567-70.

Where the machinery of a court is resorted to for the purpose of authenticating its record, if such court have no seal by which the copy can be clothed with an exemplification, that fact should be proved, or the copy cannot be admitted. Talcott *v.* The Delaware Ins. Co., 2 Wash. C. C. R. 449. See 7 Cowen 434; 2 Wend. 411; 5 Wend. 375, 387, 391; 8 Mass. 273.

In Pennsylvania it has been decided that if a court of another State, whose doings are sought to be proved, is so constituted that it cannot comply with the requisitions of the act of Congress, for want of a clerk, its proceedings may be proved as if such court were *strictly a foreign court;* and accordingly, a proceeding of justices of the peace of New Jersey, condemning a vessel, &c. for gathering clams and oysters in contravention of a statute of New Jersey, was proved by the

Trader *et al. v.* McKee.

production of a copy of the original record, signed by the justices, and by proving by a witness its identity with the original, and the signatures of the justices, and that they were at the time justices of the peace, and that the court had no seal. Kean *v.* Rice, 12 Serg. & Rawle, 203, 4–8.

In Kentucky, the record of a Territorial court not provable under the act of Congress, was held to be sufficiently authenticated by the certificate of the clerk under the seal of the court, and the attestation of the Governor under the seal of the Territory. Haggin *v.* Squires, 2 Bibb 334–5. It has also been held in that State, that a judgment of a justice of the peace of another State, may be proved under the act of Congress. Scott *v.* Cleaveland, 5 Monroe 62.

In Connecticut and Vermont, it seems that where a justice of the peace has no clerk, he may certify that he is the presiding magistrate and clerk of the court, &c. Bissell *v.* Edwards, 5 Day 363; Starkweather *v.* Loomis, 2 Vermt. R. 573–4; Blodget *v.* Jordan, 6 Vermt. R. 580.

In Ohio, the most usual mode of proving a judgment of a justice of the peace of another State, is by a transcript certified by the justice, and the certificate of the clerk of the county, where the judgment was rendered. Silver Lake Bank *v.* Harding, 5 Hammond 546; but a transcript certified by the justice, without the certificate of the county clerk, is not sufficient, though accompanied by a deposition of the magistrate, that he was such justice, and that he rendered the judgment on the day of the date thereof, and that he had no clerk and no seal, but acted as his own clerk; yet it seems an examined copy is sufficient. 1 Wright 430. In this case the deposition of the justice did not state that the transcript was an examined copy.

The transcript of a judgment of a justice in another State, certified by him, and attested by the prothonotary, is a competent authentication. Kuhn *v.* Miller's Admrs., 1 Wright 127. The presiding judge of a Court of Common Pleas, has no authority to attest a justice's judgment. *Idem.*

The force and effect to be given to the judgment of a justice of the peace of another State, is also held differently in different States.

In Ohio, the doctrine seems to be settled, that where the judgment of a justice of the peace is duly proved, it is entitled to as full faith and credit as any judgment of a court, authenticated under the act of Congress, and not subject to re-examination. See the authorities cited from Hammond and Wright's Reports, before referred to. The same doctrine seems to be held in New York, with this qualification, that before the transcript of the justice can be admitted in evidence, the statute of the State where the judgment was rendered, conferring jurisdiction, must be shown. Thomas *v.* Robinson, 3 Wend. 267; Sheldon *v.* Hopkins, 7 Wend. 435.

In New Hampshire and Massachusetts, these judgments seem to be treated in all respects as foreign judgments, and consequently subject to re-investigation. Betts *v.* Bailey, 12 Pick. 572, 581; 6 N. H. R. 569.

In Kentucky, where the judgment or decree of a sister State is produced, the court will presume the tribunal rendering it, possessed competent jurisdiction and authority, and that the act done in pursuance of it, binds and concludes the parties. To impair its full force and credit, the *onus* lies upon the party who resists it. 5 Littell 349–50. Is not this the reasonable doctrine?

In Curtiss *v.* Gibbs, 1 Pennington 399, it was held that the Court would take judicial notice of the constitution, if not of the *laws* of a State. See 3 Phillipps' Ev. Cowan and Hill's Notes, 902, and authorities there cited.

In respect to courts of limited and special jurisdiction, nothing is presumed in their favor as to jurisdiction; and the party seeking to avail himself of their judgments, must show affirmatively that they had jurisdiction. *Idem.* 906; Mills *v.* Martin, 19 Johns, 33; 9 Mod. 95; 2 Wilson 16; Peacock *v.* Bell, 1 Saund. 73-4; Kempe's Lessee *v.* Kennedy, 5 Cranch 173; 1 Peters' C. C. R. 30; Wheeler *v.* Raymond, 8 Cowan 311; McFadin *v.* Gill, 1 Blackf. 309; Bowers *v.* Green, *Ante* 42.

In New York, it has been held, that where an action is brought on a justice's judgment of another State, it is necessary to produce and prove the statute creating the justice's court, to see whether he had jurisdiction. Thomas *v.* Robinson, 3 Wend. 267; Sheldon *v.* Hopkins, 7 Wend. 435.

In Indiana, where an action was brought upon a judgment rendered in Ohio, upon the return of two writs of *scire facias* "not found." it was held that the return of two *nihils* would not, at common law, authorize a judgment; and if there

was a statute in Ohio, authorizing a judgment upon such a return, it must be shown by the party setting up the judgment. Cone *v.* Colton, 2 Blackf. 82, and note.

The authorities upon this subject are collected in 3 Phillipps' Ev., Cowen and Hill's Notes, 898–907, 1121, 1150, a work of much learning, but of little perspicuity of arrangement. See also 4 Cowen, note, 526-7; 1 Starkie, Nicklin & Johnson's Ed. of 1837, 190, and authorities there cited; Mills *v.* Duryee, 7 Cranch 481; 2 Peters' Cond. R. 578, where the Court say that the common law gives to judgments of the State courts, the effect of *prima facie* evidence.