# Fiske *vs.* Chesterfield.

The acceptance by the court of common pleas of the report of a committee laying out a road, is not precisely a judgment that the town is indebted to the land-owner in the sum awarded to him as damages, but it furnishes record evidence that he is entitled to recover.

In the year 1837 a road was laid out, and damages awarded the plaintiff, but it was not opened through the plaintiff's land until the month of August, 1842. The plaintiff made no demand of the damages, but subsequently brought an action of debt to recover the amount.—*Held*, that he was entitled to recover interest on the sum awarded, from the time the road was opened, but not before that time, as until then the amount could not be considered as detained.

Debt on a judgment of the court of common pleas for this county, rendered at the April term, 1837, accepting the report of a committee laying out a road from Chesterfield to Hinsdale, over land of the plaintiff in Chesterfield. The committee awarded him as damages therefor the sum of one hundred and seventy-five dollars.

It was agreed that the road was laid out as alleged, and that previous to August, 1842, the road commissioners, on the petition of the town of Chesterfield, laid a new road to the road laid out in 1837, at the north line of the plain-

tiff's land. Since that time a part of the road from said north line has been discontinued. The road through the plaintiff's land was not discontinued, as it connects with the road laid out by the commissioners.

In the month of August, 1842, the selectmen of Chesterfield opened and made the road through the plaintiff's land. Before this time they had offered to pay the plaintiff the sum of $175.00 awarded as damages, but made no tender of it. The plaintiff declined accepting it, and claimed interest upon it from the time the road was laid out, in April, 1837. The plaintiff made no other demand of the money. The selectmen refused to pay the interest, and nothing has been paid the plaintiff.

If the court should be of opinion that the plaintiff is entitled to judgment, interest is to be cast on the sum of $175.00 from such time as the court shall direct.

*Chamberlain*, for the plaintiff.

*Handerson*, for the defendant.

Gilchrist, J. The road having been laid out and made through the plaintiff's land, and the damages not having been paid him, he is of course entitled to recover the sum awarded by the committee. The only question in the case is, from what period should the interest upon the damages be cast?

In the case of *Mahurin* vs. *Bickford*, 6 *N. H. Rep.* 567, the action was debt upon a judgment rendered by a justice of the peace in Vermont. It was held that the rendition of the judgment was a liquidation of the demand ; that the time of payment arrived when the judgment was rendered, for it was then the duty of the defendant to pay ; that his default dated from that period, and that interest was due from that time. In *Gammell* vs. *Skinner*, 2 *Gall.* 45, it was held that interest was allowable from the time of a demand made ; and if no special demand is proved, from the commencement

of the suit. In the present case, the plaintiff made no demand. When the selectmen offered to pay him the amount of damages awarded him, he claimed more interest than they were disposed to pay him. He made no demand then which imposed any duty upon them, or which authorizes him to consider the money as detained by them from the time of the interview when the claim for interest was made. If he had desired to throw upon the town the burthen of paying interest, he should have made a demand. The selectmen were not bound to seek him out and offer him his money ; and they cannot be said to detain it, until they decline to pay it on a demand. But the commencement of the suit is a sufficient demand, and from that time without doubt the plaintiff should recover damages for the detention of the debt, in the shape of interest.

The acceptance by the court of the report of the committee, laying out the road, is not precisely a judgment that the town is indebted to the land-owner in the sum awarded him as damages, but it furnishes record evidence that the land-owner is entitled to recover. Where the judge of probate has decreed that an administrator should pay certain sums of money to the creditors of the estate, he is bound to keep the money ready for the creditors, but it is not his duty to seek them out and pay them. He cannot be said to detain the money in a sense which would subject him to the payment of interest, if he merely keeps it on hand ; nor can he be said to detain it, if there is a difference of opinion between himself and the creditors, upon the question of the amount of interest to which they are entitled. There would be no doubt in such a case as the one supposed, and there is a strong analogy between it and the present case.

This action was brought in February, 1843, and the road was opened through the plaintiff's land in the month of August, 1842. At that time, then, the plaintiff's property was taken from him. He lost the use of it, and the public received the benefit. The damages were not tendered, as they

Fiske *v*. Chesterfield.

should by law have been. *N. H. Laws* 574, *Ed. of* 1830. From this time, then, the damages may be considered as detained from the plaintiff. The opinion of the court therefore is, that for the damages, with interest thereon from the time the road was opened, there should be

*Judgment for the plaintiff.*