## GODFREY v. MYERS.

1. A suit cannot be maintained in this state upon a judgment by an alderman or justice of the peace of another state, without proof of the jurisdiction of such court, by showing the statute by which created. The jurisdiction of such court cannot be presumed, but must be proved.

2. *Quere*, whether justice's courts, when courts of record, come within the

meaning of the act of congress, and whether their judgments can be authenticated under the act, so as to be competent evidence in connection with proof of their character and jurisdiction?

*Certiorari* to Justice ——

Argued before Justices CARPENTER and RANDOLPH.

*J. B. Dayton* moved to reverse, chiefly on the ground that the action was in debt upon a judgment rendered by an alderman of the city of Philadelphia, and that there was no other evidence produced but a transcript from the alderman's docket. He urged that such court is one of limited jurisdiction, not of record, or, at any rate, not shown to be such, and was not within the act of congress. That such court would not here be judicially noticed, but its powers must be proved, and that the original record, or a sworn copy, must be produced. He cited 3 *Wend.* 267 ; 7 *Ib.* 435 ; 1 *Greenl. Ev.* § 505.

*Dudley,* contra.

CARPENTER, J.   The courts of justices of the peace in this country, in most of the states, perhaps in all, have jurisdiction in civil causes, a jurisdiction conferred by statute.   They are courts of limited jurisdiction, for the most part not of record, and not proceeding according to the course of the common law, but deciding controversies of small pecuniary importance in a summary way.   Their authority depends strictly upon statute, and varies in its object and extent in every state. Their jurisdiction, therefore, cannot be presumed, but must be proved.   They are not, and ought not to be, entitled to the same presumption as courts of general jurisdiction proceeding according to the course of the common law, which will be presumed to have acted within their authority, and whose records, therefore, will be received as evidence not only of their acts, but of their jurisdiction.   When, as in this state, these courts are by statute declared to be courts of record, and are vested with all the usual powers of courts of record, the jurisdiction, though limited, will of course be judicially noticed by the courts of the same state, and the seal of such courts requires no proof.   Their judgments upon matters within their

jurisdiction will be equally binding and conclusive as those of courts of general jurisdiction. But out of the state, the jurisdiction and character of such courts must be shown before it can be known to what faith and credit they are entitled. The statute must be produced to show how they are organized and what are their powers. *Thomas* v. *Robinson*, 3 *Wend.* 267.

It has been most generally understood that the judicial proceedings referred to in the act of congress, by which a mode of authentication is provided, are the proceedings of courts of general jurisdiction, and not inferior courts of limited jurisdiction, such as justice's courts; for it is required that the record shall be certified by the clerk of the court, and that there shall also be a certificate of the judge that the attestation of the clerk is in due form. This, as has been said, is founded on the supposition that the court whose proceedings are to be thus authenticated is so constituted as to admit of such officers. Parker, C. J., in *Warren* v. *Flagg*, 2 *Pick.* 448; 1 *Greenl. Ev.* § 505, and cases cited. It is certainly somewhat difficult to apply the provisions of the act to petty courts, such as those of aldermen and justices of the peace, which are constituted without the aid of a clerk. It would be somewhat absurd for a justice, as clerk, to certify his record, and then, as judge, to certify that the certificate made as clerk is in due form. But if, as in *Bissel* v. *Edwards*, 5 *Day.* 363, and other cases, it be held that justice's courts, when constituted courts of record, are within the act of congress, and that the magistrate may certify both as judge and clerk, still the judgment in this case cannot be supported. It was not shown that the alderman's court was a court of record, or that he was authorized or required to record his proceedings, and no intendment can be made in favor of his jurisdiction.

There is another difficulty in this case. The transcript was produced, certified by the prothonotary of the Court of Common Pleas of the city and county of Philadelphia to be a true copy from the docket of the alderman, filed or deposited in his office. It is probable that, under some statute of the state of Pennsylvania, the docket was deposited upon the expiration of

the term of office of the magistrate, and that the prothonotary is entitled to certify transcripts therefrom, but it has not been so shown in evidence.

Justice RANDOLPH concurred.

Judgment reversed.