## CUPREME COURT.

THOMAS W. NEWCOMB agt. LEONARD V. REED.

THE SAME agt. LEONARD V. REED and others.

It is not necessary to *show*, in order to authorize the court to hear a *motion*, that it is made in some county in the same district with the place of trial; or an adjoining county. If it is not thus made, the fact may be shown in opposition to the motion, or, *if not thus shown, it may furnish the ground for a motion to be made in the proper place for vacating the order, and perhaps may justify the party against whom it is made, in treating it as entirely void.* (*The case of Schermerhorn agt. Develin, 1 Code R. 13, which seems to hold adversely, was published without any knowledge of, or preparation by the judges; and if the decision was ever made as there stated, it was without due consideration, and is erroneous.*)

*It seems*, that the power of the court to hear motions is regulated by the 401st section of the Code; and if a motion is not made within the territorial limits prescribed by the third subdivision of that section, it is *coram non judice.* (*See Blackmar agt. Van Inwager, 5 How. 367, adverse—which holds that it is an irregularity merely, and dont affect the jurisdiction of the court.*)

Where a motion is made to vacate an order, upon the ground that it did not appear from the motion papers, where the venue was laid, or that the court had jurisdiction to hear the application, and the motion to vacate is made in the same county in which the first motion and order were made, the motion to vacate is a *felo de se.*

*Albany Special Term, Sept.*, 1856.

MOTION to vacate order for leave to issue execution.

In November, 1843, judgments were recovered by the plaintiff in each of the above causes, in the supreme court. Upon affidavits, showing the fact of such recovery, and the amount due upon the judgments, and upon proof of notice of the application duly served upon the defendants, personally, an order was made at the August special term, held in Albany, that the plaintiff have leave to issue executions upon said judgments to the sheriff of Rensselaer, with directions to return the same to the sheriff of that county. In pursuance of such order, executions were issued to the sheriff of Rensselaer, on the 26th of

August. The defendants moved to vacate the order, and to set aside the executions, on the ground that it does not appear, from the affidavits upon which the application was founded, where the venue in the actions was laid, or that the court had jurisdiction to hear the application.

On the part of the plaintiff it was shown that the venue in both actions was in the county of Rensselaer, and that the judgments were duly docketed in that county.

R. A. PARMENTER, *for plaintiff.*
JEREMIAH ROMEYN, *for defendants.*

HARRIS, Justice. This court is declared by the constitution to be a court of general jurisdiction. It will, therefore, be presumed to have acted upon competent authority. It is this presumption which distinguishes a court of general jurisdiction from a court of special or limited jurisdiction. (*Thomas* agt. *Robinson,* 3 *Wend.* 267; *Wheeler* agt. *Raymond,* 8 *Cowen,* 311.)

If the court before which the motion was made was not authorized to entertain the motion, that objection should have been made by way of defence. In the absence of any evidence to the contrary, it must be assumed that the motion was made before the proper court.

The power of the court to hear motions is regulated by the 401st section of the Code. If a motion is not made within the territorial limits prescribed by the third subdivision of that section, I am inclined to think it is *coram non judice.* I know that it has been thought otherwise. In *Blackmar* agt. *Van Inwager,* (5 *How.* 367,) the venue in the action was in Wayne county. A motion for a commission was made, upon notice, in Orleans county, which is neither in the same district with Wayne county nor an adjoining county. The order having been granted, with a stay of proceedings until the commission should be returned, it was disregarded by the plaintiff, who proceeded to take an inquest in the action. Upon a motion to set aside the inquest, it was held that the order for a commission, though irregular, was not void for the want of jurisdiction. I confess that had

the. same question been presented to me for decision, I should have thought otherwise. Though the court has been created by the constitution, and has been declared to be a court of general jurisdiction, yet no one will. deny, I presume, that it is competent for the legislature to regulate and control the exercise of that jurisdiction. When, in the exercise of that power, it declares that certain proceedings in an action, called motions, shall be had in certain places, and, by necessary implication, not in others, I suppose the court, when it entertains such proceedings without the territorial boundaries prescribed, transcends its jurisdiction as completely, as though it had no jurisdiction over the proceedings at all.

Had it appeared in the case before me that the venue was, in fact, in some county neither within the district nor adjoining the county where the motion was made, I should not have hesitated, if sitting in a county where such a motion might be made, to vacate the order, upon the ground that it was made without legal authority. This motion, however, is a *felo de se*. The defendant's counsel insists that the court was not authorized to make the order for leave to issue execution, because it did not appear that the motion was made within the territorial limits prescribed by the third subdivision of the 401st section of the Code. And yet, his own motion is obnoxious to the same objection. We only learn from the affidavit read in opposition to the motion where the venue in these actions was in fact laid, and from that we find that not only this, but the former motion also was properly made in Albany.

Two cases were cited by the defendant's counsel in support of his position, that it was necessary, before the court could entertain the motion, that it should be shown that the party was moving in the proper county. The first of these is *Schermerhorn* agt. *Develin*, (1 *Code Rep.* 13;) the other is *Dodge* agt. *Rose*, (*id.* 123.) It appears from the report in the first of these cases that I myself participated in the decision. By whom the report was prepared, or how it found its way into the publication from which it is cited, I am unable to say. The decision purports to have been made during the first month in which the

Code was in operation. It is obvious, I think, from the report itself, that it was not prepared by either of the judges whose names are mentioned; and if it was then determined, as there stated, I have no hesitation in saying, the determination was made without sufficient consideration.

In the other case cited, the motion was made before a judge at chambers. As such, he was an officer of limited jurisdiction. He possessed such powers as had been conferred upon him by statute. Nothing was to be presumed in favor of his jurisdiction. The judge was, therefore, right in holding that, before he could take cognizance of the application, it must appear that it was within his jurisdiction.

My conclusion is, that it is not necessary to show, in order to authorize the court to hear a motion, that it is made in some county in the same district with the place of trial, or an adjoining county. If it is not thus made, the fact may be shown in opposition to the motion; or, if not thus shown, it may furnish the ground for a motion, to be made in the proper place, for vacating the order, and, perhaps, may justify the party against whom it is made in treating it as entirely void.

This motion must be denied, but I think it should be without costs.