## RUNDLETT *v.* HODGMAN.

One who has made a formal conveyance of land and taken a deed of mortgage to secure the notes given for the purchase money, that was inoperative for the want of more than one subscribing witness, can not maintain a writ of entry for the recovery of the land against his grantee.

A deed made after the statute of 1829 and before the Revised Statutes, is inoperative if not attested by two subscribing witnesses.

WRIT OF ENTRY to recover a lot of land in Manchester. It appeared in evidence that prior to July 3, 1844, the defendant was the owner of the lot. On that day he executed a deed of it to the defendant, who at the same time signed and sealed an instrument purporting to be a mortgage of the same lot to the demandant, with the usual covenants of seizin and warranty.

This instrument contained the name of one subscribing witness in the usual place, and was acknowledged at the same time by the defendant as his voluntary act and deed before a justice of the peace, who testified that the parties came to his office with the deeds ready for execution, that both were executed in the manner before stated at the same time, and that he had no doubt that it was a mere mistake that he did not place his name as a witness to the mortgage, when he certified the acknowledgment.

It appeared that the defendant at a subsequent time, said he intended to give the demandant a good mortgage,

and supposed he had until the demandant told him that it had but one witness to it. The demandant produced the notes described in the mortgage, and he contended that the execution of the papers being parts of the same transaction, if the mortgage was invalid, the deed to the defendant was inoperative, the contract of the parties having never been perfected.

A verdict was taken for the demandant by consent, subject to the opinion of this court upon the foregoing facts.

*Wilkins & J. U. Parker*, for the plaintiff.

*D. Clark*, for the defendant.

WOODS, J. That the deed of the demandant was well executed and delivered to the tenant, is not disputed; and that it operated to convey the land in question to the tenant at the time of its delivery, is not open to doubt. And it is as little open to doubt, that it was the understanding of the parties, as matter of fact, that the tenant should, as the consideration for the deed, give to the demandant his note, and secure the same by a mortgage of the same land of which he received the conveyance from the demandant.

The note was given in pursuance of the understanding of the parties, but a valid mortgage was never executed to the demandant. The instrument given in evidence is wholly inoperative as such conveyance. It conveys nothing, and the covenants in the instrument of course fall with the instrument itself. *Stone* v. *Ashley*, 13 N. H. 38.

The title having passed from the demandant, the question presents itself, whether it has been again restored to him by reason of the failure of the mortgage to effectuate the purposes of the parties in that particular.

It is not pretended that any fraud was practiced upon the demandant in procuring him to execute the deed to

the tenant, by holding out the promise that he would execute the mortgage, which he never intended to do. Indeed if there has been such fraud, the tenant has not been restored to the condition in which he was before the contract was made, so as to entitle the plaintiff to rescind the contract and to recover back what he has advanced, and to treat the deed, supposed so fraudulently to have been procured, as void on account of the fraud. The demandant still retains the note, which formed at least a part of the consideration of the deed.

This is not like the case of the avoidance by an infant of the mortgage made at the same time with the deed to the infant, and forming part of the same transaction; in which case the avoidance of the mortgage is holden to avoid the deed also. In this case, there is no mortgage. There is nothing to avoid. The instrument under consideration did not revest the title in the demandant. It was merely void; while the deed of an infant is voidable only, and is operative until avoided by the infant himself or his representatives. And we are not aware of any principle of estoppel by which it can be holden, that the tenant is estopped from setting up the demandant's deed in defence of the action.

It is not like the case of a deed voluntarily surrendered by the grantee to the grantor to be cancelled; in which case it is held, not that the destruction of the deed operates to reconvey the title to the grantor, but that after such voluntary surrender, the grantee and such as claim under him will not be allowed to offer secondary evidence to the contents of the deed.

The whole case is resolved then into the single question, whether a party who has executed and delivered an operative deed, can avoid it upon the ground, that by accident or mistake there has been a partial failure of the consideration stipulated to be paid or performed by the grantee.

The deed was expressed to be upon consideration of

money. In such cases, for the purpose of avoiding the deed altogether, even a total want of consideration can not be shown. *Morse v. Shattuck*, 4 N. H. 229. If so, it is not seen how a partial failure of consideration can be considered a sufficient ground for the avoidance of a deed.

The verdict for the plaintiff rendered upon this evidence must therefore be set aside, and a

*New trial granted.*