# COOS,

## JANUARY TERM, A. D. 1848.

## CRAM, Adx., *v.* INGALLS.

It is necessary to the validity of a deed of land in this State that it should be witnessed by two witnesses.

In order to prove the execution of such deed, when the testimony of neither of the subscribing witnesses can be had, there must be proof of the hand-writing of the witnesses, as well as of that of the grantor, if the party is able to produce such evidence.

Whether evidence of inability to procure proof of the hand-writing of the witnesses will excuse the want of that proof, as in the case of instruments not required to be witnessed, *quære ?*

An office-copy of a deed to a party to the suit, which is regularly recorded, may, after notice to the party to produce the original, be used to show the execution of the deed, but this will not be sufficient to show the delivery of the deed, without other evidence.

A recital, in a deed, of the existence of a mortgage upon the premises, and that the grantee is to pay the debt, is sufficient evidence, as against the grantee, of the execution of the mortgage.

In the absence of other evidence to show title, priority of entry upon the land, claiming title, shows the better right.

WRIT OF ENTRY, to recover one undivided half of lot No. 9, in the ninth range, and one undivided half of lot No. 9, in the tenth range, in Whitefield. Plea, *nul disseizin.*

At the trial the plaintiff offered in evidence a deed from one Cyrus Ingalls to Ashbel Cram, the plaintiff's intestate, dated on the 27th day of May, 1837, conveying the demanded premises in fee and in mortgage. The witnesses to this deed were Frederick and John Perley. A witness testified that John Perley lived at Bridgton, in

the State of Maine; that he had often seen him write; that his signature as a witness was genuine, and that he died four or five years ago.

The plaintiff then offered evidence to prove the signature of Cyrus Ingalls to the deed. This evidence was admitted by the court, the defendant, Leonard K. Ingalls, objecting.

The mortgage was made to secure the payment of a promissory note which was attested by Frederick Perley. The plaintiff offered evidence to prove that Frederick Perley was dead, and then introduced evidence to prove the hand-writing of Cyrus Ingalls, the maker of the note. He also offered the evidence of a witness who formerly lived at Bridgton, who was acquainted with Frederick Perley, and who testified that he had lived there fifteen or sixteen years, and never knew Perley to be in this part of the country. Another witness testified that Perley died soon after he had begun to practice his profession; that he had not settled at any place at the time of his death, and that he never knew him to be in this part of the country. The defendant objected that there was no competent evidence of the execution of the mortgage deed and the note, but they were admitted by the court.

The plaintiff then introduced Thomas Montgomery, who testified that in the year 1842 he was requested, in behalf of the plaintiff, to enter upon the demanded premises, and ascertain if any trespasses had been committed thereon, and see that the taxes were paid; that he entered upon the land soon after, and had done so every year.

The plaintiff, after a notice to the defendant to produce the original, offered in evidence an office-copy of a deed from Cyrus Ingalls to the defendant, dated on the 24th day of July, 1837, acknowledged and recorded the same day, conveying to the defendant all his interest in certain lands, including the demanded premises. The defendant objected to the admission of the copy, because the plain-

Cram *v.* Ingalls.

tiff claimed no title under it. In the deed the demanded premises are described as mortgaged to Ashbel Cram, and the defendant binds himself to pay the amount of the mortgage debt to Cram. The copy was admitted by the court.

The defendant offered evidence that on the first day of January, 1840, the lands in dispute were struck off at a sale by auction for taxes, to John M. Gove, and that Ralph Fisk, the collector, conveyed them to Gove, by deed dated on the 4th day of January, 1841, and that on the same day Gove conveyed them to the defendant; and that in the month of December, 1841, or January, 1842, he entered upon the land to ascertain if any timber had been cut there recently, and to examine the boundaries. The defendant then contended that there was no evidence of any title in Ashbel Cram as against him, because his entry upon the land was prior to any entry or title in the plaintiff's intestate.

The plaintiff contended that notwithstanding the deed from Cyrus Ingalls to the defendant, he was still the owner of the property, and that the title under the collector's deed was vested in the defendant through a fraudulent combination between him and Cyrus Ingalls. The only question submitted to the jury was that of fraud, and the two following questions were put to them, both of which they answered in the affirmative:

Did Cyrus Ingalls still own the land, notwithstanding his deed to Leonard K. Ingalls?

Was there any collusion between Cyrus and Leonard, with intent to defraud Cram, the mortgagee, by procuring a title under the collector's deed to be vested in Leonard for the benefit of Cyrus?

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Fletcher, Cooper & Roby,* for the plaintiff.

Cram v. Ingalls.

*Burns, Eastman* and *Benton,* for the defendant.

PARKER, C. J.. Under the statute of this State it is necessary, to the validity of the mortgage, as against third persons, not only that it should be executed by the grantor, but that it should be attested by two witnesses. *Rundlett* v. *Hodgman,* 16 N. H. Rep. 239.

And in order to prove the deed, in default of the evidence of at least one of the subscribing witnesses, it is necessary to prove the hand-writing of the witnesses, as well as that of the grantor, unless the party shows that he is unable to do so. 6 N. H. Rep. 567, *Farnsworth* v. *Briggs,* and authorities cited. Whether proof of the valid execution of a deed, under the statute, can be made without some proof of the hand-writing of the witnesses, or whether evidence may be received in such case of the inability of the party to make that proof, as it may be in case of instruments which are witnessed, but which are not required by law to be witnessed, we need not inquire, as the plaintiff neither proved the hand-writing of Frederick Perley, nor gave any evidence of his inability to prove it; and the same remark applies to the proof in relation to the note which was produced. The plaintiff introduced ample evidence to show that he could not obtain the testimony of Perley; but it did not appear that the witness, who was acquainted with him, and who testified to his domicil and his death, was not acquainted with his hand-writing also.

According to many of the authorities, the proof of his hand-writing would have been sufficient proof of the note, without proof of the signature of the maker. See opinion of *Richardson,* C. J., 6 N. H. Rep. 562. *Valentine* v. *Pike,* 22 Pick. 90, in which the court held, that upon a cause shown for the admission of secondary evidence, it is competent, in the first instance, to offer proof of the hand-writing of the party executing the instrument, is not in

accordance with the general current of the authorities; and however reasonable the doctrine may be in relation to instruments where no subscribing witness is necessary to render them valid, such proof by no means proves all to have been done which the statute requires in the execution of deeds of land, nor shows an inability to furnish the evidence.

If the plaintiff had introduced evidence to show that the deed from Cyrus Ingalls to the defendant had been delivered and accepted by the grantee, the recognition of the mortgage in that deed, with the clause providing that the defendant should pay the debt, would be ample proof of the existence of the mortgage, without any other evidence of its execution. 6 Peters 611, *Crane* v. *Lessee of Morris;* 6 Ham. (Ohio) 187, *Hart* v. *Johnson ;* 2 U. S. Dig. 202, pl. 83; 7 Man. & Grang. (49 E. C. L. R.) 994, *Beckett* v. *Bradley ;* 1 Greenl. Ev. 30, sec. 24; 4 Binney 231, *Penrose* v. *Griffith ;* Ib. 314, *Garwood* v. *Dennis ;* Com. Dig. Ev., B. 5; 3 Johns. Cas. 174, *Colden* v. *Cornell.* There are numerous other authorities to the same effect.

Notice having been given to the defendant to produce the original of the deed to himself, without effect, the production of an office-copy would have been sufficient evidence of its execution and delivery, if it had appeared by any evidence that the original had ever been in his possession. But it is not to be presumed that the deed was delivered because it was recorded. *Hayes* v. *Davis, ante* 600 ; and the plaintiff offered no other proof to show that fact. The proof by the defendant, that he entered on the land in 1841 or 1842, might have been sufficient *primâ facie* for the purpose, were it not that it appears that about a year before that entry the defendant had procured the title upon which he relies in this case under the sale for taxes, and claims to have entered under that title.

The jury have found the sale for taxes collusive, but

Cram *v.* Ingalls.

that finding is based, among other things, upon the admission of the deed in evidence, to show title in the plaintiff.

As the entry of the defendant was prior to the entry of Montgomery in behalf of the plaintiff, he cannot sustain this action solely upon the evidence of that entry. The evidence of the deeds failing, the entry of the defendant, claiming title, is, as the case now stands, the earlier evidence of title as between these parties.

There must, therefore, be a

*New trial.*

MEMORANDUM. MR. CHIEF JUSTICE PARKER, having been appointed Royall Professor of Law, in the Law School of Harvard College, resigned his seat upon the bench, to take effect June 25, 1848.