DALY, P. J.
—The plaintiff sued upon a judgment rendered by a justice of the peace in Xenia township, Greene county, Ohio, and offered as evidence of such judgment the proof and authentication prescribed by Code Civil Proc. §§ 948, 949, in the case of a judgment rendered by a justice of the peace within an adjoining state. Objection was duly made and overruled, and the question upon this appeal is as-to the competency of such proof.
The provision of section 948 of the Code is substantially:
“A transcript from the docket book of a justice of the peace within an adjoining state, of a judgment rendered by him; a *59 transcript of liis minutes of the proceedings in the court previous to the judgment "x" * * when subscribed by the justice and authenticated as prescribed in the next section, is presumptive evidence of his jurisdiction and of the matters shown by the transcript.”
The next section requires a certificate of the justice to be annexed to the transcript to the effect that it is in all respects correct, and that he had jurisdiction of the cause, and a certificate of the clerk or prothonotary of the county in which the justice resided at the time he rendered the judgment, under his hand and the seal of the court of common pleas or other county court of the county, to the effect that the person subscribing the certificate attached to the transcript was, at the date of the judgment, a justice of the peace of that county, and that the signature thereto is in his own handwriting. These requirements were complied with by the plaintiff in the present case, but were objected to as inapplicable, on the ground that Ohio is not an adjoining state to New York.
Judged by the plain reading of the statute and the common use and meaning of the words employed, the objection is well taken. According to Webster*, “adjoin” means “to lie or be next in contact; to be contiguous;” “to join or unite to; to lie contiguous to; to be in contact with; to attach; to append.” And in this sense Ohio no more adjoins New York than California or Texas does. .Judicial interpretation of such a provision is found in the reports of this state. Where the question was as to authority, under the Itevised Statutes, of a justice of one town to act in the “next adjoining” town, it was held that the towns of Marathon and Virgil, in this state, were next and adjoining each other, because they touched and came in contact. Holmes v. Carley, 31 N. Y. 289. And where the question was as to the jurisdiction of a justice residing in the town of Hoosick, the parties to the action residing in the town of Schaghticoke, it was held that the said towns do not adjoin each other, 'they being separated by the town of Pittstown. Houghtaling v. Groesbeck, 51 N. Y. 673. New York and Ohio do not adjoin, being separated by Pennsylvania. The word, as used in the statute, signifies actual contact, physical and material, according to the ordinary understanding of men. Holmes v. Carley, supra. The argument to the contrary advanced by respondent is that the intention of the legislature w'as to extend the Code provision to all the states, and that evidence of this intention is found in the title of the statute (Code Civ. Proc. chap. 9, tit. 4, art. 3), “Proof of a document remaining in a court or public office of the United States, or executed or remaining without the state,” and the title of the original enactment from which the Code provision is taken .(Laws 1836, chap. 439), “An act in relation to the proof of judgment rendered before justices of the peace in. *60 other states.” The title is no part of an act, hnt the object of the act is often avowed in the title (Dwar. St. 265); and, if the titles-of these statutes indicated a contrary intention to that -expressed in the body of the acts, the argument would have force. But the titles do not unequivocally indicate an intention to apply the act to judgments rendered in all the states of the Union. The terms “other states” and “without the state” are not inconsistent with a restriction to certain other states particularly described. Had it been the intention -of the codifi-em to apply the Code provision to the judgments of the justices of all the states, nothing would have been easier. The re-enactment of the restrictive language of the former statute is evidence of an intention to do otherwise. It is argued that the provision in question, being remedial, should be liberally construed, “to prevent a failure of the remedy.”" Dwar. St. 231; End. Interp. St. 107. The rule which prescribes that statutes in derogation of the common law must be strictly construed does not apply to Code, § 3345; but there is no question here of failure of remedy. At common law, actions upon a judgment obtained in a justice’s court of a sister state may be maintained in the courts of 'this state upon proof of the statute giving the justice jurisdiction (Thomas v. Robinson, 3 Wend. 267); and the plaintiff can prove his judgment under the common-law rules without the assistance of the Code. His remedy, therefore, is unaffected . It is only a question of convenience.
The judgment must be reversed, and a new trial ordered, with costs to abide event.
All concur.