LOWRY, Respondent, v. COLLATERAL LOAN ASS'N, Appellant, et al. (Supreme Court, Appellate Division, First Department. June Term, 1901.) Action by Mary B. Lowry against the Collateral Loan Association, impleaded with Morris Browitz. The following is the opinion of LAWRENCE, J., delivered at special term: "The facts in this case, as stated in the complaint, are similar to those which appear in the case of Lowry v. Association, 62 App. Div. 240, 71 N. Y. Supp. 822, and for the reason stated in that opinion there must be judgment for the plaintiff overruling the demurrer, with costs, with leave to answer upon payment of costs."

PER CURIAM. Judgment affirmed, with costs, on opinion of court below, with leave to defendant to withdraw demurrer and answer in 20 days, on payment of costs in this court and in the court below.

---

In re LUDLUM. (Supreme Court, Appellate Division, Fourth Department. September 25, 1901.) In the matter of the application of John Ludlum, a citizen and resident of the town of Yates, county of Orleans, N. Y., for an order for the removal of John Putnam Levy from his office as a justice of the peace of the said town of Yates. No opinion. Preliminary objection overruled, and further hearing set down for Friday, October 4th, next.

---

McCANN, Respondent, v. NEW YORK & Q. C. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. November 8, 1901.) Action by Catherine McCann, as administratrix, etc., against the New York & Queens County Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed. Wm. E. Stewart, for appellant. J. Brownson Ker, for respondent.

VAN BRUNT, P. J. We do not think it necessary to write any further opinion upon the facts of this case. We think that the verdict was against the evidence upon the points of the defendant's negligence and the contributory negligence of the deceased, and also that the damages were excessive. For these reasons the judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

INGRAHAM and LAUGHLIN, JJ., concur. PATTERSON, J., dissents.

---

McCANN, Respondent, v. THILEMANN et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Peter McCann against Frederick Thilemann, Jr., and others. Weeks, Battle & Marshall, for appellants. Robert H. Ernest (Percy W. Crane and J. Aspinwall Hodge, Jr., of counsel), for respondent.

HASCALL, J. This case presents a very close question upon the law,—in short, is at the border line. But, while we might possibly disagree with the learned court below in declining to charge all that the appellants re-

quested, yet, upon the whole, we determine that fatal error was not committed by refusal. The case was carefully and impartially presented for the jury's consideration of the facts; and the verdict, in view of the long and continued use of the path by plaintiff and the public, having held the defendant to have been negligent, will be permitted to stand. Beck v. Carter, 68 N. Y. 293, 23 Am. Rep. 175. Judgment should be affirmed, with costs. Judgment affirmed, with costs.

CONLAN, J., concurs.

---

McCORKLE, Respondent, v. ELLIS, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Henry H. McCorkle against William H. Ellis. William C. Prime, for appellant. Henry H. McCorkle, pro se.

PER CURIAM. The record offered in evidence was not exemplified as required by Rev. St. U. S. § 905. Neither can the transcript of the justice, with the certificate of the county clerk attached, be availed of, as Texas is not an adjoining state. Code Civ. Proc. § 948; Bent v. Glaenzer, 17 Misc. Rep. 569, 40 N. Y. Supp. 657. The only other method of proving the jurisdictional fact is by common-law proof. Judgment reversed, and new trial ordered, with costs to abide event.

---

McCREA, Respondent, v. CLARKE, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Augustus L. McCrea against Peete B. Clarke. Holt & Duross, for appellant. E. S. Hull, for respondent.

PER CURIAM. It appears by the testimony that the plaintiff's assignor fulfilled all his obligations under the written contract, while the defendant defaulted under his obligation to dispose of the $500 of stock for the personal benefit of the plaintiff's assignor. It is difficult to imagine how the learned court below could have reached a different conclusion. Judgment affirmed, with costs.

---

McCREA, Respondent, v. CARLSTADT CHEMICAL CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Augustus L. McCrea against the Carlstadt Chemical Company. Holt & Duross, for appellant. E. S. Hull, for respondent.

PER CURIAM. The record contains no exceptions, nor any other proceeding which would enable this court to interfere with the jury's verdict. Judgment affirmed, with costs.

---

McGRATH, Appellant, v. ALGER, Respondent. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by Thomas M. McGrath against William C. Alger, as executor, etc., of Cyrus D. Alger, deceased. No opinion. Order affirmed, with $10 costs and disbursements.

JENKS, J., absent.